IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TOSHIF PATEL, Individually and On Behalf of All Others Similarly Situated, §§§ | |
| | § CIVIL ACTION NO. 4:20-cv-00796-SDJ |
| Plaintiff, § | |
| v. § | |
| § | |
| REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI, §§ | CLASS ACTION |
| § | |
| Defendants. § | |
| § | |

## OPPOSITION OF RUSSELL FRANCIS, SR. TO COMPETING LEAD PLAINTIFF MOTIONS

Movant Russell Francis, Sr. ("Mr. Francis") respectfully submits this opposition to the competing lead plaintiff motions filed by Luke G. Massar ("Mr. Massar") (Dkt. No. 9), Jason Childs ("Mr. Childs") (Dkt. No. 11), and Waterford Township General Employees Retirement System ("Waterford Retirement") (Dkt. No. 13) (collectively, "Competing Movants").

## I.    INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person with "'the largest financial interest in the relief sought by the class,' and that 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 544 (N.D. Tex. 1997) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)).

Before the Court are four movants.  Only one movant, Luke G. Massar, claims a larger financial interest than Mr. Francis.  However, Mr. Massar is inadequate and atypical.  Mr. Massar has no loss on Reata common stock and actually has substantial profits of $35,060.  Mr. Massar's losses appear to be derived solely from a complex options trading strategy, where he

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 1

engaged in material short selling—betting that the price of Reata stock will decline.  Therefore, Mr. Massar is inadequate and atypical.

| Name | Gains (Losses) |
|---|---|
| 1.  Luke G. Massar | 1.  ($1,164,107) |
| 1a. Luke G. Massar – Common Stock | 1a.  $35,060 |
| 1b. Luke G. Massar – Options | 1b. ($1,199,167) |
| 2.  Russell Francis, Sr. | 2.  ($73,420.00) |
| 3.  Jason Childs | 3.  ($51,593.45) |
| 4.  Waterford Township General Employees Retirement System | 4.  ($31,703.80) |

In contrast, Mr. Francis lost over $73,000.  Mr. Francis is a sophisticated investor who has been investing for over 25 years.  He has a college degree and works in real estate and general contracting. (Dkt. No. 8, at 5).  Mr. Francis' motion should be granted and the competing motions should be denied.

## II.    ARGUMENT

### A.  Mr. Massar Is Atypical and Inadequate

Mr. Massar has no losses on his common stock purchases and lacks standing to represent common stockholders, who consist of the majority of the class here.  Rather, Mr. Massar has substantial profits in trading Reata common stock—rendering him atypical from the ordinary class member.

While Mr. Massar claims financial losses in excess of $1,164,107, these losses stem from his unique options trading strategy—which includes material short sales.  Courts have found options traders to be incapable of properly representing a class of stockholders given the fundamental differences between stocks and options. *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (declining to appoint movant that exclusively traded in options as lead plaintiff); *Cook v. Allergan PLC*, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (declining to appoint movant with largest financial interest as lead plaintiff whose interest

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 2

was 60% invested in options because he was not "an investor whose claims will turn out to be typical of the average common stockholder within the meaning of Fed. R. Civ. P. 23(a)(3)" and his appointment "as lead plaintiff very likely 'would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict.'"); *Di Scala v. Proshares Ultra Bloomberg Crude Oil, et al.*, 1:20-cv-05865-NRB, Dkt. No. 55, at 9-10 (S.D.N.Y. Jul. 28, 2020) (declining to appoint movant as lead plaintiff whose "losses overwhelmingly reflect[ed] his sale of put options" because such trades raised unique, substantial questions that threatened to become the focal point of the litigation); *In re Green Tree Fin. Corp. Options Litig.*, No. 97-02679, Dkt. 16 (D. Minn. Jun. 29, 1998) (consolidating securities fraud class actions into two actions: one for stock investors and one for options investors); *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, 2012 WL 2872787, at *4 (D. Idaho July 12, 2012) ("[T]he price and value of a single share of common stock is very different from the price and value of a single call option. The options' valuable lives are limited, their value is conditional, and there is a large disparity between their price and their potential value."); *Comrie v. Enterasys Networks, Inc.*, 837 A.2d 1, 18 n.87 (Del. Ch. 2003) (recognizing valuation of options is fundamentally different from valuing shares). Indeed, from a common sense perspective Mr. Massar has no incentive to vigorously pursue a recovery for common stockholders, as he has material profit in common stock, whereas he lost over $1.1 million on options.

In addition to the unique issues arising from Mr. Massar's options, Mr. Massar engaged in a complex trading strategy that included material short sales.  Unlike the ordinary class member in this case that invested with the hopes that the Company's stock would rise, Mr. Massar's short sales were a bet that the price of Reata's stock would fall.  Courts routinely find

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 3

investors that engage in material short selling or other exotic trading practices inadequate or atypical. *E.g., Marcus v. J.C. Penney Co., Inc.*, 2014 WL 11394911, at *7 (E.D. Tex. Feb. 28, 2014) ("Moreover, [Lead Plaintiff Movant] engaged in another atypical trading practice, short selling shares and buying to cover those short sales. Such a trading practice would be atypical of the class as profit accrues when the price of the security decreases."); *see also*, *Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 392 (D.N.J. 1998) (declining to certify a class member who engaged in short sales because "it was not reasonable to allow a purchaser to take advantage of a theory premised on the assumption the price of a given security reflected all available information when the purchaser sold the stock short on the belief the price did not reflect all available information."); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1109-1110 (N.D. Cal. 2001) ("It is a poor choice to appoint a class representative who engaged in a trading practice premised on the belief the stock would fall. . . . Short sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny."); *Isaacs v. Musk*, 2018 WL 6182753, at *2 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom.  In re Tesla, Inc. Sec. Litig.*, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) ("[T]he Court has concerns regarding the adequacy or typicality of [movant] because it is a short seller[.]"); *Weisz v. Calpine Corp.*, 2002 WL 32818827, at *8 (N.D. Cal. Aug. 19, 2002) (finding movant to be "disqualified from serving as a lead plaintiff by virtue of the fact that he admittedly sold Calpine stock 'short' during the Class Period.").

In short, Mr. Massar's substantial stock profits and unique options trading and short selling render him inadequate and atypical.

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 4

### B.  Mr. Francis Should be Appointed Lead Plaintiff

#### i.  Mr. Francis is the Presumptive Lead Plaintiff

Under the PSLRA, the presumptive lead plaintiff is the person, or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Francis Has the Largest Financial Interest.  "In determining the largest financial interest, courts look to: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Stein v. Match Grp., Inc.,* 2016 WL 3194334, at *3 (N.D. Tex. June 9, 2016) (quoting *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009) (citing cases)); *accord Netsky v. Capstead Mortgage Corp.*, 2000 WL 964935, at *3 (N.D. Tex. July 12, 2000) ("While the PSLRA neither defines 'largest financial interest' nor explains how such a determination should be made, courts have found the following factors relevant to this inquiry: 1) the number of shares purchased during the class period; 2) the number of net shares purchased during the class period; 3) the total net funds expended by the plaintiffs during the class period; and 4) the approximate losses suffered during the class period."). "[T]he best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Utilizing this simple process confirms that Mr. Francis has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Mr. Francis lost

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 5

$73,420.00 on his purchases of Reata securities.  (Dkt. No. 8-4).  Mr. Childs lost $51,593.45. (Dkt. No. 12-3).  Waterford Retirement lost $31,703.80. (Dkt. No. 13-4).  Therefore, Mr. Francis has the largest financial interest in this action.

Mr. Francis has made a *prima facie* showing of adequacy and typicality. To be selected lead plaintiff, the Court must determine if the movant satisfies the requirements of Fed. R. Civ. P. 23.  *Hall v. Rent-A-Ctr., Inc.*, 2017 WL 1017716, at *2 (E.D. Tex. Mar. 16, 2017).  "'[I]n the selection of lead plaintiff, the only relevant factors of Rule 23 are typicality and adequacy.'" *Stein*, 2016 WL 3194334, at *4; *Hall*, 2017 WL 1017716, at *2.  To determine typicality, a movant must "have 'the same essential characteristics as those of the other class members.'" *Oklahoma Law Enf't Ret. Sys. v. Adeptus Health Inc*., 2017 WL 3780164, at *4 (E.D. Tex. Aug. 31, 2017).

As set forth in his PSLRA certification (Dkt. No. 8-3), Mr. Francis reviewed the complaint, purchased Reata securities at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. Thus, Mr. Francis satisfies the typicality requirement. *See Netsky*, 2000 WL 964935, at *7 ("The claims asserted by the [movant] are typical, if not identical, to the claims of the class because, like each class member, its members purchased [Company] securities during the Class Period and allegedly suffered damages as a result of Defendants' alleged conduct.").

"'[T]he 'adequacy' requirement is fulfilled if there are no conflicts of interests between the named plaintiff and other class members and the named party is prepared to prosecute the action vigorously.'" *Stein*, 2016 WL 3194334, at *5.  Mr. Francis has demonstrated adequacy by submitting a sworn certification affirming willingness to serve as, and carry out the responsibilities of, a class representative.  As discussed above, Mr. Francis is a sophisticated

investor who has been investing for over 25 years.  He has a college degree and works in real estate and general contracting. (Dkt. No. 8, at 5). Mr. Francis has communicated with competent, experienced counsel concerning this case, and has made a motion to be appointed as lead plaintiff.  Mr. Francis is not aware that any conflict exists between his claims and those asserted on behalf of the Class.  Mr. Francis also sustained substantial financial losses from investments in Reata securities and is, therefore, extremely motivated to pursue claims in this action.

Thus, since Mr. Francis has the largest financial interest in this action and *prima facie* satisfies the Rule 23 requirements of typicality and adequacy, Mr. Francis has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### C.  Mr. Francis' Selection of Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Gluck*, 976 F. Supp. at 549 ("Regarding appointment of Lead Counsel, the statute is clear. The Lead Plaintiff shall select Lead Counsel to represent the class, subject to the Court's approval.").

Here, Mr. Francis has selected Rosen Law as Lead Counsel and Steckler as Liaison Counsel.  As demonstrated in the firm resumes previously filed with the Court as Docket Nos. 8-5 and 8-6, Rosen Law and Steckler have the resources and expertise to efficiently and aggressively litigate this action.  Indeed, Rosen is one of the preeminent securities class action law firms in the country.  Rosen has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors.  Dkt. No. 8-5.  In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors - $438,340,000 – and

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 7

the number of settlements – 12.[1]   Founding partner Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[2]   Therefore, the Court should approve Mr. Francis' selection of counsel.

### D.  Competing Motions Should Be Denied

In short, Mr. Francis has the largest financial interest and has made the requisite *prima facie* showing of adequacy and typicality.   Thus, Mr. Francis is the presumptive lead plaintiff. Because Competing Movants cannot rebut the presumption with **proof**, Mr. Francis' motion should be granted in its entirety and Competing Movants' motions should be denied.

In no way is Mr. Francis conceding or acknowledging that Competing Movants are adequate or that their claims are typical. Mr. Francis reserves the right to address Competing Movants' adequacy or typicality, should the Court reach their motions.

## III.    CONCLUSION

For the reasons stated herein, and in Mr. Francis' opening papers, Mr. Francis respectfully requests that the Court grant his motion in its entirety (Dkt. No. 7) and deny Competing Movants' motions. A proposed order, previously filed as Docket No. 8-7, granting Mr. Francis' motion is attached hereto.

Dated: December 28, 2020                      Respectfully submitted,

**STECKLER WAYNE COCHRAN PLLC**
*/s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
Braden M. Wayne
Texas Bar No.: 24075247
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
T: 972-387-4040

---

[1] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[2] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 8

F: 972-387-4041
stuart@swclaw.com
braden@swclaw.com

*[Proposed] Liaison Counsel for*
*Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (*pro hac vice* application
forthcoming)
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for*
*Movant and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Chocran*
Stauart L. Cochran

**OPPOSITION OF RUSSELL FRANCIS, SR.'S MOTION TO COMPETING LEAD PLAINTIFF MOTION** – Page 9