UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TOSHIF PATEL, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI,<br><br>        Defendants. | Case No.  4:20-cv-00796-SDJ<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF LUKE G. MASSAR FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS |

Movant Massar[1] submits this Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of counsel; and in opposition to competing motions of (i) Russell Francis, Sr. ("Francis") (Dkt. No. 7), (ii) Jason Childs ("Childs") (Dkt. No. 11), and (iii) Waterford Township General Employees Retirement System ("Waterford Township") (Dkt. No. 13).

**PRELIMINARY STATEMENT**

This is a securities fraud class action on behalf of investors in Reata securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as lead plaintiff the movant with the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  While the PSLRA does not define "financial interest," courts in the Fifth Circuit

---

[1] All capitalized terms herein are defined in Massar's moving brief, unless otherwise indicated. *See* Dkt. Nos. 10 and 14.

generally consider a movant's claimed financial loss to be the most important factor in assessing financial interest within the meaning of the PSLRA. *See, e.g.*, *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *13-*15 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). The following table compares Massar's financial interest to those of the three competing movants:

| Movant | Loss |
|---|---|
| Massar | $1,164,107 |
| Francis | $67,885 |
| Childs | $51,402 |
| Waterford Township | $31,524 |

As the table reflects, Massar has a larger financial interest in this action than any competing movant by a significant margin. Massar incurred a loss of over ***$1.16 million*** in connection with his purchases of Reata securities as a result of the Defendants' alleged malfeasance, significantly larger than the financial interests of all three competing movants ***combined***. As such, Massar plainly has the largest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

Massar also satisfies the typicality and adequacy requirements of Rule 23. Massar, like all Class members, purchased Reata securities at prices artificially inflated by the Company's misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based upon the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirements of Rule 23. *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672, at *5 (E.D. Tex. May 31, 2018). Massar's significant losses give him a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Massar is aware of no conflict between his interests and

those of the putative Class; and in Pomerantz and BLF, Massar has retained qualified and experienced counsel.  For all of the foregoing reasons, Massar satisfies the adequacy requirements of Rule 23.  *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *9 (E.D. Tex. Oct. 26, 2018).

For the reasons set forth herein, Massar respectfully submits that his motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### I.    MASSAR SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the "most adequate plaintiff"—*i.e.*, the Lead Plaintiff—is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23.  *Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385, at *4 (E.D. Tex. Sept. 21, 2015).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  Here, the most adequate class representative is Massar.

### A.  Massar Possesses the Largest Financial Interest in the Litigation

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Fifth Circuit recognize that the amount of financial loss is the most

3

significant factor to be considered.  *See, e.g.*, *Marcus*, 2014 U.S. Dist. LEXIS 197529, at \*13-\*15; *BP*, 758 F. Supp. 2d at 433; *Buettgen*, 263 F.R.D. at 380; *Enron*, 206 F.R.D. at 440.

Under the foregoing analysis, no movant seeking appointment as Lead Plaintiff in the Action has alleged a larger financial interest in this litigation than Massar.  As the table at p. 2 illustrates, Massar's loss of over $1.16 million exceeds the losses of all competing movants **combined**.  As such, Massar clearly has the largest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

### B.  Massar Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Massar has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23.  *Singh*, 2015 U.S. Dist. LEXIS 125385, at \*4.

First, Massar's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in the Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *Shiqiang*, 2018 U.S. Dist. LEXIS 92672, at \*5; *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001).  Second, Massar satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, is aware of no conflict between his interests and those of the putative Class, and, as discussed in greater detail below, he has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class.  *Ramzan*, 2018 U.S. Dist. LEXIS 183758, at \*9; *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at \*5 (N.D. Tex. June 9, 2016). Massar has further demonstrated his adequacy by submission of a Declaration attesting to, *inter alia*, his background and investment experience; his understanding of the posture of this litigation;

his understanding of the significance of his motion; his understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA; and his readiness to undertake those responsibilities on behalf of the Class. *See generally* Dkt. No. 14-6.

To overcome the strong presumption entitling Massar to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

\* \* \* \*

Because Massar has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

## II.    MASSAR'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at \*8 (S.D. Tex. Mar. 23, 2017).

Here, Massar has selected Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. No. 14-7.  Likewise, BLF maintains offices in the State of Texas, and its attorneys have extensive familiarity with the Local Rules of this Judicial

5

District.  *See* Dkt. No. 14-8.  Thus, the Court may be assured that by approving Massar's selection of counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For all of the foregoing reasons, Massar respectfully requests that this Court enter an order (1) appointing Massar as Lead Plaintiff; and (2) approving Massar's selection of Lead Counsel and Liaison Counsel for the Class.

Dated:  December 28, 2020

Respectfully Submitted,

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE
State Bar Number 24001788
THE BRISCOE LAW FIRM, PLLC
12700 Park Central Drive, Suite 520
Dallas, TX 75251
Telephone: 972-521-6868
Facsimile: 281-254-7789
wbriscoe@thebriscoelawfirm.co

*Counsel for Movant and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
James M. LoPiano
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom

6

(*pro hac vice* application forthcoming)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

KEHOE LAW FIRM, P.C.
Michael K. Yarnoff
(*pro hac vice* application forthcoming)
2 Penn Center Plaza, Suite 1020
1500 JFK Boulevard
Philadelphia, Pennsylvania 19102
Telephone: (215) 792-6676
myarnoff@kehoelawfirm.com

*Additional Counsel for Movant*

## CERTIFICATE OF SERVICE

This is to certify that on December 28, 2020, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Willie C. Briscoe
WILLIE C. BRISCOE