UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TOSHIF PATEL, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:20-cv-00796-SDJ |
| | § | CLASS ACTION |
| Plaintiff, | § § | |
| vs. | § § | |
| REATA PHARMACEUTICALS, INC., et al., | § § § | |
| Defendants. | § § § | |

**PROPOSED LEAD PLAINTIFF WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM'S RESPONSE IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

## TABLE OF CONTENTS

**Page**

I.    BACKGROUND AND INTRODUCTION ........................................................................1

II.   ARGUMENT..................................................................................................................3

      A.    Mr. Massar's Losses, Based Only on Options, Subject Him to Unique
            Defenses...................................................................................................................3

      B.    Neither Mr. Francis nor Mr. Childs Meet Rule 23's Requirements ........................6

      C.    The Retirement System is the Only Movant that Meets All of the Lead
            Plaintiff Requirements ............................................................................................8

III.  CONCLUSION...............................................................................................................10

4834-4462-1781.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Andrada v. Atherogenics, Inc*.,
No. 05 Civ. 00061(RJH), 2005 WL 912359
(S.D.N.Y. Apr. 19. 2005)...................................................................................................4

*Applestein v. Medivation Inc.*,
No. C 10-00998 MHP, 2010 WL 3749406
(N.D. Cal. Sept. 20, 2010) ................................................................................................4

*Borteanu v. Nikola Corp.*,
No. 2:20-cv-01797-SPL
(D. Ariz. Nov. 30, 2020)....................................................................................................8

*Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*,
No. 2:12-cv-00042-BLW, 2012 WL 2872787
(D. Idaho July 12, 2012) ...................................................................................................4

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) .....................................................................................8

*Camp v. Qualcomm Inc*.,
2019 WL 277360 (S.D. Cal. Jan. 22, 2019)......................................................................7

*Clair v. DeLuca*,
232 F.R.D. 219 (W.D. Pa. 2005) ......................................................................................7

*Di Scala v ProShares Ultra Bloomberg Crude Oil*,
No. 1:20-cv-05865-NRB
(S.D.N.Y Dec. 28, 2020) ...................................................................................................3

*Frank v. Dana Corp.*,
237 F.R.D. 171 (N.D. Ohio 2006) ....................................................................................6

*Gluck v. CellStar Corp*.,
976 F. Supp. 542 (N.D. Tex. 1997) ..................................................................................9

*Gross v. AT&T Inc.*,
No. 19-CV-2892 (VEC), 2019 WL 7759222 (S.D.N.Y. June 24, 2019),
*recons. denied by* No. 19-CV-2892 (VEC), 2019 WL 3500496
(S.D.N.Y. July 31, 2019) ...................................................................................................7

*In re Bausch & Lomb Inc. Sec. Litig.*,
244 F.R.D. 169 (W.D.N.Y. 2007)......................................................................................6

- ii -

4834-4462-1781.v1

**Page**

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019),
*recons. denied by* No. 19-CV-02394, 2020 WL 476658
(N.D. Ill. Jan. 28, 2020) ...................................................................................................6

*In re Cardinal Health, Inc. Sec. Litig.*,
226 F.R.D. 298 (S.D. Ohio 2005) ....................................................................................6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ............................................................................................3

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)......................................................................................1, 5, 8

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) .....................................................................................7

*In re Gentiva Sec. Litig*,
281 F.R.D. 108 (E.D.N.Y. 2012) .....................................................................................9

*In re Stitch Fix, Inc. Sec. Litig.*,
393 F. Supp. 3d 833 (N.D. Cal. 2019) ..........................................................................1, 4

*In re Waste Mgmt., Inc. Sec. Litig.*,
128 F. Supp. 2d 401 (S.D. Tex. 2000) ...........................................................................2, 8

*Juliar v. Sunopta Inc.*,
No. 08 Civ. 933 (PAC), 2009 WL 1955237
(S.D.N.Y. Jan. 30, 2009)..................................................................................................9

*Karp v. Diebold Nixdorf, Inc.*,
No. 19 Civ. 6180(LAP), 2019 WL 5587148
(S.D.N.Y. Oct. 30, 2019)
*adhering to on recons.* No. 19 Civ. 6180 (LAP), 2020 WL 6619351
(S.D.N.Y. Dec. 5, 2019)..................................................................................................2, 7

*Marcus v. J.C. Penney Co., Inc.*,
No. 6:13-CV-736, 2014 WL 11394911
(E.D. Tex. Feb. 28, 2014) ................................................................................................9

*Micholle v. Ophthotech Corp.*,
No. 17-CV-210 (VSB), 2018 WL 1307285
(S.D.N.Y. Mar. 13, 2018) ................................................................................................3

4834-4462-1781.v1

**Page**

*Nakumara v. BRF S.A.*,
    No. 18-cv-2213 (PKC), 2018 WL 3217412
    (S.D.N.Y. July 2, 2018) ........................................................................................................9

*Pelletier v. Endo Int'l PLC*,
    316 F. Supp. 3d 846 (E.D. Pa. 2018) .....................................................................................9

*Perez v. HEXO Corp.*,
    No. 19 Civ. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020),
    *recons. denied sub nom.* No. 19 Civ. 10965 (NRB), 2020 WL 5503634
    (S.D.N.Y. Sept. 1, 2020) ...............................................................................................2, 7, 8

*Piven v. Sykes Enters., Inc.*,
    137 F. Supp. 2d 1295 (M.D. Fla. 2000) ................................................................................7

*Reitans v. China Mobile Games & Entm't Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) .....................................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ..............................................................................................................2

*Weikel v. Tower Semiconductor Ltd.*,
    183 F.R.D 377 (D.N.J. 1998) ................................................................................................4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(3)(B)(iii)(I) ........................................................................................................3, 9

Federal Rules of Civil Procedure
    Rule 23 .......................................................................................................... *passim*
    Rule 23(a) ...............................................................................................................................3

- iv -

Proposed lead plaintiff Waterford Township General Employees Retirement System (the "Retirement System") respectfully submits this response in opposition to the competing motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## I.    BACKGROUND AND INTRODUCTION

Four motions were filed by investors seeking appointment as lead plaintiff: (1) the Retirement System, an institutional investor; (2) Luke G. Massar; (3) Russell Francis, Sr.; and (4) Jason Childs.  *See* ECF Nos. 7, 11, 13, 14.  Of the four competing movants, the Retirement System is the *only* movant to satisfy *all* of the PSLRA's requirements and should therefore be appointed as Lead Plaintiff.

"In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). While the three individual movants claim larger financial interests than the Retirement System, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *Id.* at 264.[1]  The movant must also make a prima facie showing that it satisfies the typicality and adequacy requirements under Rule 23 of the Federal Rules of Civil Procedure.  *Id.*  Here, none of the competing movants have made this prima facie showing.

Mr. Massar, who claims the largest alleged financial loss, suffered losses only in Reata Pharmaceuticals, Inc. options during the Class Period, making him both atypical and inadequate to serve as lead plaintiff.  *See In re Stitch Fix, Inc. Sec. Litig*., 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (denying lead plaintiff appointment to movant where losses were based only on options).

---

[1] Unless otherwise noted herein, all emphasis is added and citations and footnotes are omitted.

Significantly, while Mr. Massar did purchase 2,000 shares of Reata common stock during the Class Period, he sold *all* of these shares for a profit before the end of the Class Period, further highlighting Mr. Massar's atypicality. Mr. Massar's motion should be denied.

While Mr. Childs and Mr. Francis also claim larger losses than the Retirement System, their "failure to provide *any* information regarding [their] experience in [their] preliminary motion[s]," demonstrates their inability to "meaningfully oversee and control the prosecution of this consolidated class action." *Perez v. HEXO Corp.*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (emphasis in original), *recons. denied sub nom.* No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 1, 2020); *see also Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *5 (S.D.N.Y. Oct. 30, 2019) (holding individual movants "need to provide enough information to make a preliminary showing of adequacy under Rule 23"), *adhering to on recons.* No. 19 Civ. 6180 (LAP), 2020 WL 6619351 (S.D.N.Y. Dec. 5, 2019); *see also infra* §II(B). Because of the dearth of information regarding either of these candidates, the Court cannot properly evaluate the adequacy of their lead plaintiff motions, thereby dooming their lead plaintiff applications.

In contrast to these individuals who failed to make even a preliminary showing of adequacy, the Retirement System satisfies *all* of the PSLRA's requirements and is not subject to any unique defenses or challenges to its adequacy. Moreover, as an experienced institutional investor, the Retirement System is precisely the type of investor that Congress sought to encourage to take the lead in securities cases like this one because, as "institutional investors [they are] more likely to balance the interests of the class with the long-term interests of the company." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). *See also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000) (The PSLRA directs courts to appoint as lead plaintiff "the shareholder, *preferably an institutional investor*, with the largest financial

4834-4462-1781.v1

interest in the litigation in order to . . . manage the litigation and supervise the class action lawyers."). As a result, the Retirement System is the most adequate plaintiff and its motion to be appointed lead plaintiff should be granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

## II.    ARGUMENT

In determining which movant is the presumptively most adequate plaintiff, the Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)  The Court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* (emphasis in original). "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id.*  As set forth below, that plaintiff is the Retirement System.

### A.    Mr. Massar's Losses, Based Only on Options, Subject Him to Unique Defenses

*All* of Mr. Massar's approximately $1,164,107 in alleged losses are based *solely* on Reata options contracts he purchased during the Class Period.  *See* ECF No. 14-3.  Courts have consistently held that where a movant's losses are solely based upon trading in options, like Mr. Massar's here, that movant is subject to unique defenses, rendering him atypical and disqualifying him from serving as lead plaintiff.  This is because "options traders may 'introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and could subject the class to unique defenses, causing unnecessary conflict.'" *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018). *See also Di Scala v ProShares Ultra Bloomberg Crude Oil*, No. 1:20-cv-05865-NRB, ECF No. 55

- 3 -

4834-4462-1781.v1

at 9-10 (S.D.N.Y Dec. 28, 2020)(finding movant with largest alleged financial loss inadequate and atypical where 84% of losses were attributable to options-related transactions, noting that factual issues "'would likely threaten to become the focus of the litigation'"); *Stitch Fix*, 393 F. Supp. 3d at 836 (fact that movant's losses were based only on put options sufficient to dispute movant's adequacy and typicality); *Andrada v. Atherogenics, Inc*., No. 05 Civ. 00061(RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19. 2005) (finding options trader atypical and inadequate for lead plaintiff purposes, and noting absence of cases "in which an option holder was deemed to be an appropriate lead plaintiff for an entire securities fraud class action"); *Applestein v. Medivation Inc.*, No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010) (determining that lead plaintiff had "insurmountable typicality and adequacy problems" because movant's "options trading and the information he used to make investment decisions could become the focus of the litigation, distracting from the central issue" of defendants' fraud); *Weikel v. Tower Semiconductor Ltd*., 183 F.R.D 377, 391-92 (D.N.J. 1998) (finding an options purchaser "is neither a typical nor an adequate class representative").

Moreover, any attempt at determining Mr. Massar's financial interest as compared to the rest of the competing movants is "[m]uch like comparing apples to oranges." *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, No. 2:12-cv-00042-BLW, 2012 WL 2872787, at *4 (D. Idaho July 12, 2012). The court in *Hecla Mining* aptly explained the difficulties in ascertaining an options trader's "financial interest" for the purposes of appointing a lead plaintiff: "[T]he price and value of a single share of common stock is very different from the price and value of a single call option. The options' valuable lives are limited, their value is conditional, and there is a large disparity between their price and their potential value." *Id.* Accordingly, the court determined that the loss approximation of the options traders in *Hecla Mining* was "too high because it is not realistically related to what the movant is likely to be able to recover" and instead appointed a

- 4 -

movant with uncontested losses.  *Id*.  Similarly, here, Mr. Massar's losses on options cannot be compared to the financial interests of those that purchased stock and Mr. Massar should not be appointed lead plaintiff as his circumstances are undeniably "'markedly different'" from Reata common stock purchasers during the Class Period.  *See Cendant*, 264 F.3d at 265.

Further underscoring Mr. Massar's atypicality is the sheer volume of his options trades.  For example, Mr. Massar purchased 200 of the 2/19/2021 C200 option contracts during the Class Period.  *See* ECF No. 14-5.  During this same period, the volume of these options contracts was 202, meaning that Mr. Massar accounted for 99% of all of the option contract purchases reported by Bloomberg.  *Compare* ECF. No. 14-5 at 3 *with* Declaration of Tricia L. McCormick in Support of Proposed Lead Plaintiff Waterford Township General Employees Retirement System's Memorandum of Law in Opposition to Competing Lead Plaintiff Motions ("McCormick Opp. Decl."), Ex. 1.[2]  Similarly, Mr. Massar purchased 81% of the options contracts reported during the Class Period for the 11/20/20 C180 option (150 of 185) and 78% of the options contracts during the Class Period for the 11/20/2020 C160 option (500 of 639) reported by Bloomberg.  *Compare* ECF No. 14-5 at 3 *with* McCormick Opp. Decl., Ex. 1.  This stark contrast between Mr. Massar's purchases and those reported by Bloomberg belies any notion that Mr. Massar is typical.

While Mr. Massar did purchase 2,000 shares of Reata common stock during the Class Period, not only did he sell all 2,000 of his common shares before the end of the Class Period, but Mr. Massar suffered ***no losses*** on his purchase of Reata common stock, but rather actually ***profited*** from his common stock transactions.  Mr. Massar purchased 2,000 shares of Reata common stock on April 15, 2020 for $286,600, only to sell all 2,000 shares less than three weeks later for

---

[2]  Exhibit 1 contains data obtained from Bloomberg showing the reported trading volume/dates/prices of the same options purchased by Mr. Massar.

- 5 -

$321,660, netting Mr. Massar $35,060 in profits.  *See* ECF No. 14-5.  Mr. Massar's profit from sales of Reata common stock, which was artificially inflated due to defendants' fraud during the Class Period, subjects him to additional unique defenses that confirm he is incapable of adequately representing the class.  *See, e.g.*, *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 173-74 (W.D.N.Y. 2007) ("Courts have consistently rejected applications for lead plaintiff status made by 'net sellers' and net gainers,' recognizing that they may in fact have profited, rather than suffered, as a result of the inflated stock prices."); *Frank v. Dana Corp.*, 237 F.R.D. 171, 172 (N.D. Ohio 2006) ("Because parties which are net sellers and net gainers, with respect to the relevant securities transactions during the class period, may have more trouble proving damages at trial, courts frequently reject their applications to serve as lead plaintiffs."); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) (finding applicant for lead plaintiff status subject to unique defenses because two of its constituent funds experienced net gains during class period).

## B.  Neither Mr. Francis nor Mr. Childs Meet Rule 23's Requirements

Both of the remaining competing movants, Mr. Francis and Mr. Childs, failed to make the prima facie showings of adequacy and typicality under Rule 23, warranting denial of their motions for lead plaintiff.  It is axiomatic that to make a prima facie showing of adequacy under Rule 23, a "movant must supply *some* information about its ability to perform the role of lead plaintiff diligently and effectively."  *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (emphasis in original), *recons. denied by* No. 19-CV-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020).  Recognizing the importance of this basic, but essential requirement, "most movants—and particularly individual investors—embrace the opportunity to advise the Court about their financial sophistication, experience, and ability to effectively manage and direct the activities of class counsel."  *Id.*  Accordingly, "a viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of

- 6 -

adequacy from the outset of the lead plaintiff selection process." *Id.* at *7 n.10.  As a result, courts find that individual movants who fail to timely provide basic details about themselves with their initial motions fail to make a prima facie showing of adequacy.  *See, e.g.*, *Perez*, 2020 WL  905753, at *2-*3 (disqualifying movant who failed "to provide *any* information regarding his experience in his preliminary motion") (emphasis in original); *Camp v. Qualcomm Inc*., 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (individual investor's motion denied where he "failed to include any basic details about himself").[3]

Neither Mr. Childs nor Mr. Francis provided the Court with anything more than bare bones information in support of their initial motions.  *See* ECF No. 8 at 5; ECF No. 11 at 2.  For example, the only background information that Mr. Childs provides is that he resides in Michigan and has over 20 years of investing experience.  *See* ECF No. 11 at 2, 8.  Both his memorandum in support of his motion for lead plaintiff and his Certification are silent as to any additional pertinent details about himself.  *Id.*; ECF No. 12-2.  Mr. Francis fares no better, offering just two skeletal sentences about himself, stating that he "lives in New York and has been investing for over 25 years.  Movant has a college degree and works in real estate and general contracting."  ECF No. 8 at 5.

---

[3]     *See also Karp*, 2019 WL 5587148, at *6 (declining to appoint individual investors who submitted only bare certifications); *Gross v. AT&T Inc.*, No. 19-CV-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (denying motion where movant "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation"), *recons. denied by* No. 19-CV-2892 (VEC), 2019 WL 3500496 (S.D.N.Y. July 31, 2019); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that the "record contains no evidence that [movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) (recognizing that "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task," and finding "no evidence that [individual lead plaintiff movants] are the type of sophisticated investor who can control a multi-million dollar class action"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304-05 (M.D. Fla. 2000) (denying motion lacking information of plaintiff's "identity, resources, and experience").

- 7 -

*Perez* is instructive here.  In *Perez*, the movant with the largest financial interest was an individual investor who provided no background information in his initial motion.  2020 WL 905753, at *2.  Although the individual movant endeavored to rectify this glaring deficiency through the later submission of a declaration identifying his place of residence, his college education, his current employment status, and his investing experience,  the court declined to appoint him as lead plaintiff and noted that "[n]otwithstanding this additional (albeit vague) information, the Court is skeptical that Wong -- an individual investor about whom little is known -- possesses the requisite sophistication to serve as lead plaintiff in this action."  *Id.* at *3.[4]  Because neither Mr. Childs nor Mr. Francis have made a prima facie showing of adequacy, their motions should be denied.

### C.    The Retirement System is the Only Movant that Meets All of the Lead Plaintiff Requirements

As the sole remaining movant, with losses of approximately $31,704, the Retirement System is the ***only*** movant that not only has the largest financial interest in the relief sought by the class, but also meets Rule 23's adequacy and typicality requirements.  *See* ECF No. 13 at 4-6.  Accordingly, the Retirement System is entitled to the presumption that it is the most adequate lead plaintiff.  *See Buettgen v. Harless*, 263 F.R.D. 378, 383 (N.D. Tex. 2009) (appointing institutional investor as lead plaintiff with the smallest financial interest, as it was the only movant that satisfied Rule 23's adequacy and typicality requirements).

---

[4] Recognizing the significance of providing background information for an individual movant, Mr. Francis's own counsel, The Rosen Law Firm, P.A., recently argued in *Borteanu v. Nikola Corp.*, No. 2:20-cv-01797-SPL, ECF No. 39 (D. Ariz. Nov. 30, 2020) that a lead plaintiff movant who, like here, provided sparse background information with his initial motion was both inadequate and atypical and that additionally, the "lack of information is preventing other movants from properly vetting him."  McCormick Opp. Decl., Ex. 2 at 4, 11-12.

4834-4462-1781.v1

Moreover, as an experienced institutional investor, the Retirement System is the paradigmatic lead plaintiff Congress envisioned in enacting the PSLRA.  *See Cendant*, 264 F.3d at 273.  Accordingly, "'many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs.'"  *Reitans v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014).  *See also Waste Mgmt.*, 128 F. Supp. 2d at 411 (The PSLRA directs courts to appoint as lead plaintiff "the shareholder, ***preferably an institutional investor***, with the largest financial interest in the litigation in order to . . . manage the litigation and supervise the class action lawyers."); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("[T]hrough the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.").

Indeed, "[t]his preference has been determinative in other cases, even when an institutional investor has a slightly lower loss than another potential lead plaintiff."  *In re Gentiva Sec. Litig*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *Juliar v. Sunopta Inc*., No. 08 Civ. 933 (PAC), 2009 WL 1955237, at *2-3 (S.D.N.Y. Jan. 30, 2009) (appointing institutional investor over an individual investor with larger losses); *Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 855 (E.D. Pa. 2018) ("the Fund is a sophisticated investor who has an ongoing relationship with its proposed lead counsel"); *Nakumara v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at *4-5 (S.D.N.Y. July 2, 2018) (denying group's motion and granting institution's motion despite fact that institution's loss was nearly $130,000 smaller than the group's loss).

*Marcus v. J.C. Penney Co., Inc.*, No. 6:13-CV-736, 2014 WL 11394911 (E.D. Tex. Feb. 28, 2014) is instructive here.  In *J.C. Penney*, the movant with the fourth largest alleged loss was an institutional investor, and the court rejected the other movants' argument that the institutional investor's "smaller financial interest is sufficient to rebut the presumption that it should be appointed lead plaintiff . . . [as] the largest financial interest factor is not the stopping point in the

- 9 -

presumptive lead plaintiff analysis." *Id.* at \*7.  Because none of the other movants with larger alleged losses satisfied the typicality and adequacy requirements under Rule 23, the court appointed the institutional investor as lead plaintiff.  *Id.*

As an experienced institutional investor that is not subject to any unique defenses and is the only movant that satisfies all of the PSLRA's requirements, the Retirement System is presumptively the "most adequate plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)

## III.    CONCLUSION

None of the three individual movants meet the Rule 23 requirements to trigger the PSLA"s most adequate plaintiff presumption, and their motions should be denied in their entirety.  As the only movant that meets each of the PSRLA's requirements for appointment as lead plaintiff, the Retirement System respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  December 28, 2020                    Respectfully submitted,


/s/ Wesley Hill (by permission of Lead Counsel)
TRICIA L. McCORMICK – Lead Counsel
JENNIFER N. CARINGAL
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jcaringal@rgrdlaw.com

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com

- 10 -

WESLEY HILL – Local Counsel
WARD, SMITH & HILL, PLLC
(Tex. Bar No. 24032294)
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903/757-6400
903/757-2323 (fax)
wh@wsfirm.com

ATTORNEYS FOR WATERFORD TOWNSHIP
GENERAL EMPLOYEES RETIREMENT
SYSTEM

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on all counsel of record via electronic delivery though the Court's CM/ECF system this 28th day of December, 2020.

/s/ Wesley Hill

- 11 -

4834-4462-1781.v1