IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TOSHIF PATEL, Individually and On Behalf of All Others Similarly Situated, §§§ | |
| Plaintiff, §§ | CIVIL ACTION NO. 4:20-cv-00796-SDJ |
| v. §§ | |
| REATA PHARMACEUTICALS, INC., J. WARREN HUFF, and MANMEET S. SONI, §§§ | CLASS ACTION |
| Defendants. §§§§ | |

## REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION

Lead Plaintiff Movant Russell Francis, Sr. ("Mr. Francis") respectfully submits this reply memorandum of law in further support of his lead plaintiff motion. (Dkt. No. 7).

Mr. Francis lost $73,420.00 in his investments in Reata Pharmaceuticals, Inc. ("Reata") securities. (Dkt. No. 8-4).  As explained in his opening brief, Mr. Francis is a sophisticated investor.  Mr. Francis lives in New York and has been investing for over 25 years.  (Dkt. No. 8 at 5).  Mr. Francis has a college degree and works in real estate and general contracting.  *Id*.  On December 28, 2020, movant Jason Childs filed a Notice of Non-opposition to competing lead plaintiff motions and recognized Mr. Francis had the largest financial interest in common stock. (Dkt. No. 20).

Only two other movants remain: (a) the atypical and inadequate Luke G. Massar ("Mr. Massar") who had gains of $35,060 in his investments in Reata common stock and losses of $1,164,107 in his transactions on Reata options (Dkt. No. 14-3); and (b) the Waterford Township General Employees Retirement System ("Waterford") which had losses of $31,703.80 in its investments in Reata securities (Dkt. No. 13-4).

REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER
SUPPORT OF HIS LEAD PLAINTIFF MOTION – Page 1

## I.    Mr. Massar Does Not Contest Mr. Francis' Adequacy or Typicality

Mr. Massar does not challenge Mr. Francis' adequacy or typicality. Therefore, Mr. Massar has conceded that Mr. Francis is adequate and typical.

As explained in Mr. Francis' opposition, Mr. Massar is inadequate and atypical given his material profits in trading Reata common stock and his extensive options trading. (Dkt. No. 18 at 2-4).

## II.    Waterford's Opposition to Mr. Francis' Motion is Without Merit

Contrary to Waterford, Mr. Francis has made a *prima facie* showing of his adequacy. Mr. Francis does not know what to make of Waterford's argument that he failed to include details about himself (Dkt. No. 21 at 6), given that background information about Mr. Francis was provided both in his opening memorandum (Dkt. No. 8 at 5) and in his opposition (Dkt. No. 18 at 2, 6-7). In any event, background information is typically only required when unrelated investors attempt to form a group—not when an individual—like Mr. Francis—is seeking lead plaintiff status. *See Marcus v. J.C. Penney Co., Inc.*, 2014 WL 11394911, at *6 (E.D. Tex. Feb. 28, 2014) (denying a movant group lead plaintiff status because of lack of background information demonstrating "group members will actually be able to function effectively to manage [. . .] litigation," but appointing an individual from the group as lead plaintiff despite group's lack of background information).

The necessary showing of adequacy and typicality at the lead plaintiff stage is merely a *prima facie* showing. *See Gluck v. CellStar Corp.*, 976 F.Supp. 542, 546 (N.D. Tex. Aug. 19, 1997) ("A comprehensive reading of the statute reveals that, at this stage of the proceedings, [Lead Plaintiff Movant] need only make a preliminary showing that it satisfies [Rule 23] requirements."); *Hall v. Rent-A-Center, Inc.*, 2017 WL 1017716, at *2 (E.D. Tex. Mar. 16, 2017)

("At the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."); *Fischler v. AmSouth Bancorporation*, 1997 WL 118429 at *2 (M.D. Fla. Feb.6, 1997) ("A wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification.").

Indeed, courts reject the argument that background information is required to make an adequate showing of adequacy or typicality at the lead plaintiff stage. *See Kasilingam v. Tilray, Inc. et al.*, 2020 WL 4530357 at *3 (S.D.N.Y. Aug. 6, 2020) ("The other movants contend that the presumption in favor of Kassin is rebutted here because Kassin has not in their view provided sufficient personal information to demonstrate his adequacy. [. . .] ***But the Court is not required to peer into these questions where it otherwise finds adequacy.***") (Emphasis added.); *Borteanu v. Nikola Corporation, et al.*, 2020 WL 7392795, at *6 (D. Ariz. Nov. 16, 2020) ("First, although some courts [. . .] prefer to have more biographical information about a lead plaintiff candidate, *In Re Cavanaugh* makes clear that ***the analysis must be tightly focused on financial interest and Rule 23 requirements.*** [. . .] While Patel's initial motion was light on personal details, the Court will not hold that against him.") (Emphasis added.).[1]

Additionally, Waterford's cases are off the mark. In *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019), the court found there was not enough background information provided by a movant group to support their alleged investment of over $40 million in Boeing stock in light of information already provided by the movant group. ("The information obtained, though far from comprehensive and some of which is of uncertain reliability (at least as

---

[1] Counsel for Waterford provided substantially similar background information in *Kasilingam v. Tilray, Inc. et al.*, 1:20-cv-03459-PAC, Dkt. No. 25-4 (S.D.N.Y. May 5, 2020) (Signed certification of movant, providing background regarding education, profession, investing experience, and litigation experience) as Mr. Francis has done here. Therefore, complaining that sufficient information about Mr. Francis was not provided here is disingenuous.

**REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** – Page 3

presented to date), nevertheless provides additional reason for concern as to whether the [movant group] Wang Family has the financial wherewithal to have invested $40 million in Boeing stock over the course of a ten-week period."). *In re Boeing*, 2019 WL 6052399 at *5.  Similarly, *Perez v. HEXO Corp.*, 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020), is inapplicable.  There, the court denied lead plaintiff status to a movant who failed to include any background information in their opening brief.  *Perez*, 2020 WL 905753 at *3.  As discussed above, Mr. Francis has already provided background information in the opening brief (Dkt. No. 8 at 5).  *Camp v. Qualcomm Inc.*, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) is distinguished from this case because the movant in *Camp* was disqualified mainly due to errors in the movant's loss calculation and PSLRA certification.  *Camp*, 2019 WL 277360 at *3-4.[2]

---

[2] Waterford cites numerous cases in a footnote in support of its argument that not providing background information is sufficient to disqualify a lead plaintiff movant. First and foremost, none of these cases are from controlling jurisdictions.  Nonetheless, the cases are distinguishable. In *Karp v. Diebold Nixdorf, Incorporated*, 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019), the court disqualified a lead plaintiff group due to errors contained in the movant group's submissions, including exaggerating losses by 34%. *Karp*, 2019 WL. 5587148, at *6. In *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447 (C.D. Cal. Aug. 9, 2002), lead plaintiff movant group was passed over because they did not have the greatest financial interest. Waterford cherrypicked the quote in their opposition brief (Dkt. No. 21 at 12). The entire quote says, "***The court does not presume that the Gads are best-suited to act as lead plaintiffs, as they claim losses of $2.6 million, in contrast to the pension funds' claimed losses of approximately $10 million.*** The record contains no evidence that the Gads are competent to serve as lead plaintiffs in this matter or to supervise the host of attorneys representing them. There is no evidence that the Gads possess the requisite sophistication to supervise this litigation." (Emphasis added). *In re Gemstar-TV Guide*, 209 F.R.D. at 452. In *Clair v. DeLuca*, 232 F.R.D. 219 (W.D. Penn. Nov. 10, 2005), a movant group was questioned, but not outright disqualified, by the lack of "evidence that they are the type of sophisticated investor who can control a multi-million dollar class action." *Clair*, 232 F.R.D. at 226. In *Clair*, the court offered the movant group and other movants a chance to reargue their motion. In *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295 (M.D. Fla. Sep. 14, 2000), an institutional lead plaintiff movant was passed over because it failed to provide any information, including where it "is located, what its business is, if it is a foreign company, and who controls it. [Institutional movant] repeatedly asserts that it is "a large institutional investor," but has not proffered any information regarding its identity, resources, and experience." *Piven*, 137 F. Supp. 2d at 1305.  There is no such ambiguity regarding Mr. Francis' identity.

**REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** – Page 4

Waterford contends that its status as an institutional investor accords it a 'preferred' status.  However, a movant's mere status as an "institutional investor is insufficient to overcome the rebuttable presumption" that Mr. Francis is the most adequate plaintiff.  *Bray v. Frontier Communications Corporation*, 2018 WL 525485, at *11 (D. Conn. Jan. 18, 2018).  *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *5 (S.D.N.Y. May 24, 2016) ("[Movant] has not provided any authority suggesting that its status as an institutional investor can overcome the presumption of adequacy accorded to the [individual investors] who undeniably have the largest financial interest in this case."); *In re Vonage Initial Public Offering Sec. Litig.*, 2007 WL 2683636 *11 no. 15, (D.N.J. Sept. 7, 2007) ("[I]f the Court were to accept [the institutions'] position, the procedures in which the Court must follow in appointing a lead plaintiff, as set forth in In re Cendant [3d Cir.], would be rendered superfluous because in any case where there is an institutional investor, the Court would be inclined to appoint it … without regard to financial losses."); *Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250, at *7 (N.D. Cal. Feb. 14, 2008) (rejecting argument that institutional status trumps larger financial stake of non-institutional lead plaintiff movant).

Moreover, although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the Court determines that Mr. Francis has the larger financial interest and otherwise satisfies the pertinent requirements of Rule 23, the statutory presumption that he is the most adequate lead plaintiff attaches.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption that Mr. Francis is the most adequate plaintiff cannot be rebutted through a beauty contest with Waterford as to who is more adequate or more typical.  Only proof that Mr. Francis does not meet the pertinent requirements of Rule 23 may rebut the presumption that he is the most adequate lead plaintiff.  *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also*,

**REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** – Page 5

*Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence.  So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

Waterford's cases are distinguishable.  None of their cases hold that an institutional investor with ***less than half*** the losses of an individual movant (here $31,703 vs. $73,420)  can overcome that financial interest deficiency solely by virtue of being an institutional investor.  In *Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2-3 (S.D.N.Y. Jan. 30, 2009), the court appointed a group of pension funds as lead plaintiff as they had the largest financial interest.  Competing movants in *Sunopta* argued certain losses should not be counted, which the court rejected due to a partial disclosure.  The court held that ***even if*** such losses were removed, the difference between the new largest loss movant and pension group of approximately 13% was minimal.  Here there are no disputed losses and the loss differential is 56%.

In *Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 853 (E.D. Pa. 2018), the decision turned on loss calculation, not institutional status.  In *Nakumara v. BRF S.A.*, 2018 WL 3217412, at *4-5 (S.D.N.Y. July 2, 2018), the court rejected a group of unrelated holding companies and appointed an individual pension fund as lead plaintiff—not on the basis of institutional status.

*Marcus v. J.C. Penney Co., Inc.*, 2014 WL 11394911 (E.D. Tex. Feb. 28, 2014), which Waterford calls "instructive," is off the mark.  In *J.C. Penney*, the court disqualified the first three largest movants for reasons unrelated to institutional status (or the lack thereof).  The first two movants were disqualified due to potential unique defenses.  *Id.*, at *5-6.  The third largest movant was disqualified for being an "in-and-out" trader, which raised typicality and adequacy

**REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER**
**SUPPORT OF HIS LEAD PLAINTIFF MOTION** – Page 6

concerns. *Id*. at *7. With the first three movants rejected, the institutional movant was appointed lead plaintiff. *Id.* at *7.

In short, Waterford has not cited any case where a court appointed an institutional movant over an individual movant that had more than double the losses of the institutional movant based solely on the institutional status of the movant. No such case exists.

*      *      *

Because Mr. Francis is the movant that has the largest financial interest that has made a *prima facie* showing of adequacy and typicality, he is the presumptive lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Because no party has rebutted this presumption with proof that Mr. Francis is inadequate or atypical, the Court should grant his motion and deny the competing motions.

## III.   CONCLUSION

For the reasons stated herein, and in Mr. Francis' opening papers (Dkt. No. 8) and opposition brief (Dkt. No. 18), Mr. Francis respectfully requests that the Court grant his motion in its entirety (Dkt. No. 7) and deny Competing Movants' motions.

Dated: January 4, 2021                     Respectfully submitted,

**STECKLER WAYNE COCHRAN PLLC**

*/s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
Braden M. Wayne
Texas Bar No.: 24075247
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
T: 972-387-4040
F: 972-387-4041
stuart@swclaw.com
braden@swclaw.com

*[Proposed] Liaison Counsel for*

**REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** – Page 7

*Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (*pro hac vice* application
forthcoming)
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for*
*Movant and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of January 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran

**REPLY MEMORANDUM OF LAW OF RUSSELL FRANCIS, SR. IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** – Page 8