UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TOSHIF PATEL, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 4:20-cv-00796-SDJ |
| | § | CLASS ACTION |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | |
| | § | |
| REATA PHARMACEUTICALS, INC., et al., | § § | |
| | § | |
| Defendants. | § § | |
| | § | |

**PROPOSED LEAD PLAINTIFF WATERFORD TOWNSHIP
GENERAL EMPLOYEES RETIREMENT SYSTEM'S REPLY IN
FURTHER SUPPORT OF ITS LEAD PLAINTIFF MOTION**

4827-0997-6789.v1

Proposed lead plaintiff Waterford Township General Employees Retirement System (the "Retirement System") respectfully submits this reply memorandum in further support of its motion for appointment as lead plaintiff and approval of its selection of Robbins Geller Rudman & Dowd LLP as lead counsel and in response to the oppositions filed by competing movants Luke G. Massar and Russell Francis, Sr.  *See* ECF Nos. 18, 19.[1]

## I.      ARGUMENT

Three movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") remain: (i)  the Retirement System; (ii) Luke G. Massar; and (iii) Russell Francis, Sr.  However, Mr. Massar and Mr. Francis's oppositions to the competing motions confirm that only one movant satisfies *all* of the requirements to be appointed as lead plaintiff – the Retirement System.  The Retirement System is a qualified institutional investor that filed a timely motion, suffered substantial losses, is typical and adequate, selected qualified counsel, and not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B).

### A.      The Retirement System Is the "Most Adequate Plaintiff"

Both Mr. Massar and Mr. Francis failed to raise any issues regarding the Retirement System's ability to satisfy all of the PSLRA's requirements for appointment as lead plaintiff, confirming that the Retirement System is the "most adequate lead plaintiff" to lead this litigation. Indeed, no movant opposed the Retirement System's motion for any reason other than the fact that it does not claim the largest loss.  *See* ECF Nos. 18, 19.  But this argument holds no weight, particularly where, as here, the Retirement System is the *only* movant to meet Rule 23's typicality and adequacy requirements.  *See also Marcus v. J.C. Penney Co. Inc.*, No. 6:13-CV-736, 2014 WL 11394911, at *7 (E.D. Tex. Feb. 28, 2014) (appointing institutional investor as lead plaintiff,

---

[1]   On December 28, 2020, movant Jason Childs filed a Notice of Non-Opposition to the competing motions.  *See* ECF No. 20.

4827-0997-6789.v1

rejecting the notion that a "smaller financial interest [was] sufficient to rebut the presumption that it should be appointed lead plaintiff"); *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing institutional investor as lead plaintiff where "opposing movants make no argument against St. Clair other than pointing out its relatively low financial stake in the litigation").  Mr. Massar and Mr. Francis's failure to substantively oppose the Retirement System's motion effectively concedes that Retirement System is typical and adequate, and is not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

While there is no substantive argument against the Retirement System's motion, on the final page of its brief, Mr. Francis declared – without citing any authority – that "[i]n no way is Mr. Francis conceding or acknowledging that the Competing Movants are adequate or that their claims are typical" and that it was "reserv[ing] the right to address [the Retirement System's] adequacy or typicality, should the Court reach [its] motion[]." ECF No. 18 at 8.  The undersigned counsel is unaware of any authority that permits a litigant to extra-judicially "reserve" the right to oppose a motion in the future, beyond the date set by the local rules.  Indeed, the Court's Local Civil Rules specifically required Mr. Francis to file any opposition by December 28, 2020.  *See* Local Rule CV-7(e).  Consequently, pursuant to Local Rule CV-7(d), "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

*Zoom* is instructive.  In that case, like here, Mr. Francis's same counsel made an identical "ill-advised attempt to reserve the right to address [another movant's] typicality and adequacy in their opposition" and were deemed to "have forfeited the opportunity to dispute his showing of typicality and adequacy." *In re Zoom Sec. Litig.*, No. 20-cv-02353-JD, 2020 U.S. Dist. LEXIS 207490, at *8 (N.D. Cal. Nov. 4, 2020).  Similarly here, irrespective of his ipse dixit "reservation,"

- 2 -

Mr. Francis's failure to oppose the Retirement System's motion creates the presumption that he does not controvert the facts set forth by the Retirement System and that he has no evidence in opposition. *See, e.g.*, *Stannard v. Nat'l Indoor RV Ctrs., LLC*, No. 4:18-CV-00366, 2018 WL 3608560, at *3 (E.D. Tex. July 27, 2018) (court assumed that party did not controvert facts set out by opposing party after failing to address argument in opposition briefing).[2]   Accordingly, the Retirement System is the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B).

**B.      Mr. Massar is Ineligible for Appointment as Lead Plaintiff**

Although Mr. Massar claims he has the largest financial interest, Mr. Francis concurs with the Retirement System that Mr. Massar is atypical and inadequate because ***all*** of his claimed losses are based on his options trading. In fact, Mr. Massar ***profited*** from his trading in Reata common stock.  *See* ECF No. 18 at 2-4; *see also Di Scala v. ProShares Ultra Bloomberg Crude Oil*, No. 1:20-cv-05865-NRB, 2020 WL 7698321, at *4 (S.D.N.Y. Dec. 28, 2020) (finding movant with largest alleged financial loss inadequate and atypical where 84% of losses were attributable to options-related transactions, noting that factual issues "'would likely threaten to become the focus of the litigation'") (citation omitted); *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (determining movant failed to satisfy Rule 23 based on options trading); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (denying lead plaintiff appointment to movant where losses were based only on options). Mr. Massar's motion should be denied.

---

[2]   Nor should Mr. Francis (or Mr. Massar) be permitted to oppose the Retirement System's motion for the first time in its reply brief, as "new issues raised in a Reply are not properly before the Court. . . .  The Fifth Circuit deems arguments raised for the first time in a reply brief to be waived." *Cajeli v. United States*, No. 4:17-CV-381, 2020 WL 1650823, at *6 (E.D. Tex. Mar. 26, 2020)(collecting cases).

- 3 -

**C.      Mr. Francis Has Failed to Trigger the Presumption**

Mr. Francis cannot trigger the presumption as the most adequate plaintiff either because he did not provide timely evidence demonstrating a prima facie showing of adequacy under Rule 23. *See, e.g.*, *Perez v. HEXO Corp.*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (disqualifying movant who failed to provide background information in his initial motion).  And Mr. Francis's opposition to the competing lead plaintiff motions did nothing more than repeat the skeletal information provided in his initial opening motion, confirming that he still has not demonstrated a prima facie showing of adequacy.  *See* ECF No. 18 at 6-7.  Mr. Francis's motion should be denied.

**II.      CONCLUSION**

The Retirement System, an institutional investor with lead plaintiff experience, is entitled to presumptive lead plaintiff status because it is the ***only*** movant that satisfies all of the PSLRA's lead plaintiff requirements.  Neither Mr. Massar nor Mr. Francis have rebutted the presumption in the Retirement System's favor, and accordingly, their competing motions should be denied.

DATED:  January 4, 2021                          Respectfully submitted,

                                        /s/ Wesley Hill (by permission of Lead Counsel)
                                        TRICIA L. McCORMICK – Lead Counsel
                                        JENNIFER N. CARINGAL
                                        ROBBINS GELLER RUDMAN & DOWD LLP
                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)
                                        triciam@rgrdlaw.com
                                        jcaringal@rgrdlaw.com

- 4 -

4827-0997-6789.v1

CYNTHIA J. BILLINGS-DUNN – Additional
Counsel
ASHERKELLY
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com

WESLEY HILL – Local Counsel
WARD, SMITH & HILL, PLLC
(Tex. Bar No. 24032294)
1507 Bill Owens Parkway
Longview, TX  75604
Telephone:  903/757-6400
903/757-2323 (fax)
wh@wsfirm.com

Attorneys for Waterford Township General
Employees Retirement System

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on all counsel of record via electronic delivery though the Court's CM/ECF system this 4th day of January, 2021.

/s/ Wesley Hill

- 5 -

4827-0997-6789.v1